1   BARRY J. PORTMAN
    Federal Public Defender
2   REBECCA SULLIVAN SILBERT
    Assistant Federal Public Defender
3   555 - 12th Street
    Suite 650
4   Oakland, CA 94607-3627
    Telephone:  (510) 637-3500
5   Counsel for Defendant MORAN

6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

   UNITED STATES OF AMERICA,            )       No. 4-06-70358 WDB
11                                       )
                          Plaintiff,     )       **STIPULATION AND ORDER**
12                                       )       **CONTINUING DATE FOR**
   vs.                                   )       **PRELIMINARY HEARING OR**
13                                       )       **ARRAIGNMENT**
   WILFREDO MORAN,                       )
14                                       )       Current Date: September 15, 2006
                          Defendant.     )       Requested Date: October 16, 2006
15   _____)

16

        Mr. Moran has been charged by complaint in the Central District of California with one
17
   count of violating 18 U.S.C. §751, walking away from a halfway house.  The parties have agreed
18
   that Mr. Moran will plead guilty in the Northern District of California pursuant to Federal Rule
19
   of Criminal Procedure 20.  Mr. Moran has executed a consent to transfer, the parties have agreed
20
   on a plea agreement, and the necessary paperwork has been sent to Los Angeles.  The parties are
21
   waiting for the clerk's office in Los Angeles to formally transfer the case to Oakland.  The
22
   parties have been informed that this will take 4 weeks. Therefore, the parties stipulate and
23
   request that this matter be continued to October 16, 2006.
24
        Mr. Moran has a right under Federal Rule of Criminal Procedure 5.1 to a preliminary
25
   hearing or indictment within 20 days.  Mr. Moran and counsel have discussed that right, and Mr.
26

   Stip to Cont. to 10/16                        1

1   Moran desires to waive it.  Good cause for the waiver exists because of the delay in transferring

2   the case.  In addition, Mr. Moran has a right under 18 U.S.C. § 3161(b) to be indicted within

3   thirty days.  Mr. Moran and counsel have discussed that right, and Mr. Moran desires to exclude

4   time between September 15, 2006 and October 16, 2006 under 18 U.S.C. § 3161(h)(8)(A) and

5   (B)(iv) because of the delay in transfer.  In addition, counsel for Mr. Moran will be out of town

6   on September 28 and 29, and out of the state from October 6 through the 13th, thus making

7   counsel unavailable, and providing another basis for excluding time.  The parties stipulate that

8   the ends of justice served by the granting of this continuance outweigh the best interests of the

9   public and Mr. Moran in a speedy indictment and trial.

10   SO STIPULATED.                                        /S/

11   Date: 9/13/06

12                                                         _____
                                                          Rebecca Silbert
                                                          Counsel for Mr. Moran

13                                                         /S/
      Date:   9/14/06
                                                          _____
14                                                        Maureen Bessette
                                                          Assistant United States Attorney

15

16          In light of the stipulation of the parties, and because of the counsel's unavailability and

      the delay in transfer, the Court HEREBY ORDERS that the date for preliminary hearing or
17
      arraignment be continued to October 16, 2006.  The Court further orders that time be excluded
18
      from September 15, 2006 to October 16, 2006, pursuant to 18 U.S.C. § 3161(h)(8)(A) and
19
      (B)(iv), and finds that the ends of justice served by granting the continuance outweigh the best
20
      interests of the public and Mr. Moran in a speedy indictment and trial.  The Court further finds
21
      that the continuance is necessary for effective preparation of counsel because of the delay in
22
      transfer, and for continuity of counsel because of counsel's unavailability.
23

24
      Dated: September 14, 2006
25
                                                          
26

Stip to Cont. to 10/16